**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MASSMANN & ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:25-cv-00378 |
| | ) | |
| WEIHE ENGINEERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

This matter was set for trial in St. Louis County on April 7, 2025. Pending before the Circuit Court of St. Louis County were four motions:

1. Plaintiff's Motion for Sanctions;
2. Plaintiff's Motion to Strike Jury Demand;
3. Plaintiff's Motion to Quash and for a Protective Order; and
4. Third Party Civil Design, Inc.'s Motion to Quash.

These motions were all set to be heard in three days, on March 28, 2025, at the final pretrial conference in this matter. *See* Docket, Exhibit A.

In a bad faith attempt to avoid the motions hearing and the impending trial, Defendant Weihe Engineers, Inc. and its counsel have removed this case to federal court without any legal basis. Plaintiff Massmann & Associates, LLC respectfully requests the Court to remand this case back to state court immediately and impose attorneys' fees and sanctions on Defendant and its counsel.

## BACKGROUND

On August 3, 2022, Weihe Engineers, Inc. ("Weihe") delivered a promissory note ("Note") to Massmann & Associates in the amount of $284,635.36. Beginning on March 13, 2023, Weihe ceased making the required payments and was in default.

On April 11, 2024, Massmann & Associates filed suit to recover the missed payments from March 2023 to March 2024. *See Massmann & Associates, LLC v. Weihe Engineers, Inc.*, No. 24SL-CC01673 (Mo. Cir. Ct., St. Louis County) ("Lawsuit"). The missed payments equaled $65,000 plus interest. In the Petition, Massmann & Associates expressly stated that it sought "compensatory damages together with interest thereon but in an amount **not to exceed** $75,000." D.E. 1-2 at 138 (emphasis added). Massmann & Associates has never filed an amended petition.

Notably, the Note does not have an acceleration clause. Accordingly, since filing the suit, Defendant has failed to make additional payments. However, in the Lawsuit, Plaintiff has not sought recovery for these additional payments and will not seek damages other than those pled in the Petition, which will not exceed $75,000.

Until Defendant's bad faith removal today, trial was set for April 7, 2025. The parties were scheduled to attend a pretrial conference on March 28, 2025. In addition to the pretrial conference, the state court was going to hear four pending motions: (1) Plaintiff's Motion for Sanctions; (2) Plaintiff's Motion to Strike Jury Demand; (3) Plaintiff's Motion to Quash and for a Protective Order; and (4) Third Party Civil Design, Inc.'s Motion to Quash.

On March 24, 2025, counsel for Weihe requested that Massmann & Associates make a demand. In response, Massmann & Associates made a **global** demand of $133,125, in an effort to resolve all outstanding claims. This includes the amount in controversy in the Lawsuit, and

payments that are not yet the subject of any suit. In response to that good faith demand, Weihe filed this bad faith removal.

The amount in controversy was stated in the Petition. However, giving Defendant the benefit of the doubt that it somehow thought Plaintiff was seeking additional damages, undersigned counsel sent an email to Weihe's counsel to clarify that Plaintiff had no intention to seek damages in the pending state suit other than those alleged in the Petition and to give Defendant a chance to withdraw its baseless removal petition.

> That was a global settlement offer to resolve the entire amount of owed debt. As we made clear in our petition, the amount in dispute *in this case* is $65,000 plus interest. You cannot use a global settlement offer as a basis for removal.
>
> Please dismiss your removal before we seek fees, costs, and sanctions for improper removal.

*See* Exhibit B.

In a subsequent email, undersigned counsel stated, "Please let me know by 5 pm whether you will dismiss your removal." *Id.* The deadline came and passed without response.

**ARGUMENT**

**LEGAL STANDARD**

The removing party bears the burden of showing that removal was proper. *Nagel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d 981, 982–83 (D.N.D. 2004) (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993). "Removal statutes are strictly construed in favor of state court jurisdiction." *Id.* Federal district courts must resolve all doubts concerning removal in favor of remand. *Id.*

"The basis for removal jurisdiction is determined *at the time the complaint is filed* rather than at the time when the notice of removal is filed." *Neighbors v. Muha,* No. 05-472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005) (emphasis added). "Whether a plaintiff

satisfies the $75,000 amount in controversy requirement is a jurisdictional issue for the Court to decide." *Nagel*, 319 F. Supp. 2d at 982–83 (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)). A case must be remanded if it appears that the value of the claim is less than the required amount of $75,000. *Id.* "Where the complaint states a specific amount lower than the required amount, a defendant seeking removal must show that it appears to a legal certainty that the amount in controversy exceeds $75,000.00." *Nagel*, 319 F. Supp. 2d at 982–83.

**I. Defendant Has Not Met Its Burden to Establish to a Legal Certainty that the Amount in Controversy Exceeds $75,000.**

Plaintiff does not contest that the parties are diverse. However, in this case, Plaintiff expressly pled in the Petition that it sought a lower amount than $75,000. Because the Petition expressly stated that the damages were below the jurisdictional amount, that alone defeats Defendant's removal petition and necessitates remand.

The only basis Defendant has cited for a removal is a global settlement demand that Plaintiff made – at Defendant's request – on the eve of trial to attempt to resolve all disputes between the parties, including those that are sure to be the subject of another future lawsuit. Defendant has no good faith basis to claim that this *global* offer changes the amount in controversy *in this case* and permits removal.

The cases Defendant cite do not support their position. In *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005), the court noted that settlement offers could form a basis for removal. However, the court went on to say that remand was appropriate because Plaintiff submitted an affidavit stating that she is not seeking damages in excess of $75,000. *Id.* The court emphasized that "[i[t is well settled that the Plaintiff may defeat removal by filing suit for less than the jurisdictional amount." *Id.* at *3.

In this case, the statement in Petition should suffice. As *Muha* states, the "basis for removal jurisdiction is determined at the time the complaint is filed rather than at the time when the notice of removal is filed." *Id.* at 3. However, out of an abundance of caution, Plaintiff also submits the attached declaration which reaffirms that it is not seeking damages in excess of $75,000. *See* Exhibit C.

The second case cited by Defendant says nothing about settlement offers. *Iowa Lamb Corp. v. Kalene Industries, Inc.*, 871 F.Supp. 1149, 1155 (N.D. Iowa 1994). Instead, it states the unremarkable position that a matter may become removable some time after the complaint is filed. *Id.* Defendant appears to be citing *Iowa Lamb* because *Iowa Lamb* cites a Fifth Circuit case which stands for the proposition that "removal was timely where plaintiff's complaint originally stated insufficient amount in controversy to be removable, but plaintiff subsequently sent defendants a letter stating that the amount in controversy exceeded [the jurisdictional amount]." *See Wilson v. Belin*, 20 F.3d 644, 651, n. 8 (5th Cir. 1994) (citing *Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).[1]

*Wilson* is distinguishable because in that case, the plaintiff's complaint did not state claims that facially involved more than $50,000, the jurisdictional amount in 1994. Subsequently, plaintiff's counsel sent a letter "stating that the amount in controversy exceeded $50,000." *Id.* In this case, Plaintiff has been explicit since the filing of the suit that the amount in controversy is less than $75,000. The global settlement demand does not change the amount in controversy, and neither *Wilson* nor *Marcel* suggest otherwise.

---

[1] Defendant only cited *Marcel*, but the proposition for which Defendant cites *Iowa Lamb* actually cites to *Wilson*.

In *Marcel*, the court held that "based upon the complaint and viewing the case as of the time of removal, the damages easily could exceed $50,000. In fact, any one of several of the injuries alleged—not to mention the requested exemplary damages—alone could have topped that amount, and the special damages in Marcel's discovery responses totaled more than half of the requisite $50,000." *Marcel*, 5 F.3d 81 at 84. Again, in this case, the petition expressly states that damages will not exceed the jurisdictional amount and Defendant has not shown otherwise.

Indeed, Plaintiff is confident that if it requested damages at trial in excess of $75,000, Defendant would be rightfully crying foul and Plaintiff would be barred by its own words from seeking more. Defendant is playing games with the sole intention of trying to delay and disrupt the state court's trial docket.

Plaintiff has been unequivocal that it is not seeking damages in excess of the jurisdictional amount. Defendant cannot demonstrate otherwise and the case must be remanded to state court.

**II. The Removal is Frivolous, in Bad Faith, and Was Only Filed to Disrupt and Delay the State Court's Trial Docket.**

Defendant removed this case less than two weeks before trial and three days before a pretrial conference where the trial court was likely to rule against Defendant. Defendant did so because its claims are fatally flawed, numerous motions – including a motion for sanctions – were to be heard, and Defendant wanted to delay the trial date without filing a motion to continue.

Defendant's defense in this case is that William Massmann – an individual, who is not a party to the litigation – violated a noncompete, thus somehow relieving Defendant of its obligations to pay Massmann & Associates, LLC on the Note. Defendant never named William Massmann as a party. Defendant perhaps realized belatedly that its counterclaim for breach of contract is fundamentally flawed, because the alleged contract was between Weihe and non-party William Massmann. Defendant appears to be using these delay tactics to fix its pleading problem.

Defendant also has engaged in sanctionable activity. Specifically, the alleged noncompete stated that consideration was a payment for $10,000 and the execution of an Asset Purchase Agreement. In their pleadings, Weihe falsely represented that it made the $10,000 payment and executed an Asset Purchase Agreement. Plaintiff has requested proof of these allegations for over a year, and Weihe has never provided any proof to support these baseless allegations. Accordingly, Plaintiff filed a Motion for Sanctions, which was set to be heard on March 28, 2025.

Finally, having conducted barely any discovery, three weeks before the trial, Defendant issued six subpoenas, document requests, and deposition requests, five of which were directed to third-parties. Rightfully, the third-parties objected to the last-minute attempt to conduct substantial discovery and filed motions to quash, which were also set to be heard on Friday, March 28, 2025.[2]

Staring down this fast-approaching hearing and trial, Defendant and its counsel have chosen to dig the hole even deeper by upending the state court litigation, disrespecting the trial court's busy schedule, and filing this frivolous removal action with no regard as to the waste of resources this will cause this Court and the state court. Defendant knows that it has no good faith basis to remove the case, and any doubt was clarified when Plaintiff reaffirmed that Plaintiff would not seek more than the jurisdictional amount. Plaintiff gave Defendant time to reconsider its position, but Defendant and its counsel refused to back down. The sole reason Defendant is filing this action is to delay and disrupt the litigation. Defendant hopes that the trial date will become

---

[2] Defense counsel's conduct in this case has been shocking and contemptible. In addition to the above, Defense counsel also told Plaintiff's counsel that he was not available for a deposition on March 25, 2025, thus compelling Plaintiff to agree to disrupt his family vacation – a pre-planned vacation Defense counsel was aware of – to conduct one of these last-minute depositions. Days later, defense counsel then noticed up five other depositions for the same day March 25, 2025. When Plaintiff's counsel objected to this chicanery, Defense counsel refused to reschedule the deposition.

moot, and it can attempt to fix the myriad problems Defendant's counsel's negligence has caused. The Court cannot countenance such behavior.

By filing and maintaining this frivolous removal, Defendant's actions warrant sanctions. "When a court orders a remand, the court may also require payment of 'just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Ross v. Scottsdale Ins. Co.*, No. 4:10 CV 1499 DDN, 2010 WL 4810211, at *3 (E.D. Mo. Nov. 19, 2010) (citing 28 U.S.C. § 1447(c)). "The imposition of such sanctions is within the discretion of the trial court." *Ross*, No. 4:10 CV 1499 DDN, 2010 WL 4810211, at *3 (citing *Harris v. Alamo Rent A Car, LLC*, No. 4:07 CV 865 JCH, 2007 WL 1701868, at *4 (E.D. Mo. June 11, 2007)).

A district court has inherent powers that "must be exercised with restraint and discretion," but which allow for district courts "to fashion an appropriate sanction for conduct which abuses the judicial process." *Anderson v. CitiMortgage, Inc.*, 519 F. App'x 415, 417 (8th Cir. 2013) (finding motion to remand was frivolous and warranted sanctions) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, (1991)). This includes assessing "attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* "A party may demonstrate bad faith when it delays or disrupts litigation." *Id.*

Plaintiff does not make this motion lightly. However, Defendant and its counsel have abused the removal process to delay and disrupt the state court litigation. And because this delay is also within the context of a host of other misconduct, Plaintiff must respectfully request that the Court issue a show cause order to Defendant for this frivolous and bad faith removal and to award Plaintiff attorneys' fees for interrupting its trial preparation to respond to this frivolous removal.

**CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests the Court to immediately remand this case to state court and to issue a show cause order to Defendant and its counsel.

Respectfully submitted,

KHAZAELI WYRSCH LLC

/s/ James R. Wyrsch
James R. Wyrsch
911 Washington Ave., Suite 211
St. Louis, MO 63101
(314) 288-0766
james.wyrsch@kwlawstl.com

***Attorney for Plaintiff***