# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MASSMANN & ASSOCIATES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25CV378 HEA |
| | ) |
| WEIHE ENGINEERS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. [Doc. No. 4]. The Motion is fully briefed and is ready for disposition. For the reasons set forth below, the Motion to Remand will be granted.

## Facts and Background

In April 2024, Plaintiff Massmann & Associates, LLC filed a Petition in state court against Defendant Weihe Engineers, Inc., alleging that Defendant breached a promissory note. [ECF No. 1-2 at 137-38]. Plaintiff specifically alleges that on August 3, 2022, Plaintiff and Defendant entered into a bill of sale in which Defendant agreed to purchase certain assets from Plaintiff. *Id.* at 137. That same day, Defendant delivered a promissory note to Plaintiff in the amount of $284,635.36. *Id.* Pursuant to the promissory note, Defendant is obligated to make payments of $5,000 per month to Plaintiff, but beginning on March 13, 2025, Defendant ceased making

the required payments. *Id.* at 138. For the payments owed between March 2023 and March 2024, Plaintiff was "damaged in the amount of $65,000, together with interest thereon, which is an amount less than $75,000." *Id.*

On March 25, 2025, Defendant filed a Notice of Removal, asserting that this Court has diversity jurisdiction. [ECF No. 1]. Defendant states that it is a citizen of Indiana and that Plaintiff is a citizen of Missouri. *Id.* at 1-2. Defendant acknowledges that Plaintiff demanded less than $75,000 in the Petition, but Defendant asserts that the amount in controversy exceeds $75,000 based on a March 24, 2025 email exchange in which Defendant's counsel asked whether Plaintiff had a formal demand amount, and Plaintiff's counsel responded, "$133,125." *Id.* at 1.

Plaintiff moves to remand this case to state court. [ECF No. 4]. Plaintiff argues that Defendant has not established to a legal certainty that the amount in controversy exceeds $75,000, emphasizing that it explicitly pled in the Petition that it was seeking to recover a total of $65,000 plus interest for the 13 missed payments between March 2024 and March 2025, which is an amount less than $75,000. [ECF No. 5 at 2-6]. Plaintiff states that the $133,125 demand was for a global settlement of all of the disputes between the parties and did not change the amount in controversy in this case. *Id.* at 4. Plaintiff contends that the demand in the Petition should be sufficient to establish that the amount in controversy is less than $75,000. *Id.* at 4-5. However, out of an abundance of caution, Plaintiff has also submitted a

2

28 U.S.C. § 1746 declaration signed by Plaintiff's owner, William Massmann. [ECF No. 5-3]. In the declaration, Massmann states that Plaintiff filed "suit to recover the missed payments from March 2023 to March 2024," the "missed payments equaled $65,000 plus interest," the global demand was sent in response to Defendant's request and includes "payments that are not yet the subject of any suit," and Plaintiff "does not and will not seek any damages beyond the missed payments from March 2023 to March 2024 and will not seek damages greater than or equal to $75,000." [ECF No. 5-3 at 2-3]. Plaintiff also asks the Court to award Plaintiff attorney fees it incurred as a result of the removal of this case pursuant to 28 U.S.C. § 1447(c). *Id.* at 8-9. Plaintiff argues that Defendant's Notice of Removal is frivolous and was filed in bad faith for the sole purpose of delaying the state court proceedings. [ECF No. 5 at 6-8].

Defendant opposes the Motion to Remand, arguing that, while Plaintiff has declared it will not seek damages in excess of $75,000, no binding stipulation has been made. [ECF No. 24 at 1-3]. Defendant contends that attorney fees should be denied because Plaintiff's March 24, 2025 email response provided a good-faith basis for removing the case. *Id.* at 3-5.

Plaintiff replies that all of the cases Defendant cites are inapposite because they involved petitions that did not plead a specific sum, whereas the instant Petition specified that Plaintiff was seeking damages in the amount of $65,000. [ECF No. 25

3

at 1-3]. Plaintiff reiterates its contention that an award of attorney fees is appropriate because Defendant had no good-faith basis for removal. *Id.* at 3-5.

## Legal Standard

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## Discussion

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and

4

costs. 28 U.S.C. § 1332(a)(1). "[T]he court's jurisdiction is measured either at the time the action is commenced or . . . at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (first citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); and then citing *Kan. Pub. Emps. Ret. Sys. v. Reimer & Kroger Assocs., Inc.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996)). While post-removal events "do not oust the district court's jurisdiction once it has attached," *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 293 (1938), the Court may consider subsequent events showing that the amount in controversy exceeded $75,000 at the time federal court jurisdiction was invoked, *Schubert*, 649 F.3d at 823. Thus, post-removal affidavits and declarations may be considered to resolve whether the Court has jurisdiction. *Leflar v. Target Corp.*, 57 F.4th 600, 605 (8th Cir. 2023) (citing *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (per curiam)).

The Supreme Court has "explained that the amount-in-controversy requirement must be strictly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under control." *Vistine v. Saab Auto. A.B.*, 891 F. Supp. 496 (E.D. Mo. 1995) (citing *Snyder v. Harris*, 394 U.S. 332, 339 (1969)). If removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Horton v. Liberty*

5

*Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 288). However, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

"If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co.*, 303 U.S. at 294; *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010) ("[I]f a plaintiff's complaint asks 'for less than the jurisdictional amount, only the sum demanded is in controversy,' and so a federal court has no jurisdiction over the action." (quoting 14AA Charles A Wright, Arthur R. Miller, and Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3702, 48 (3d ed. Supp. 2009))). Although the sum claimed by the plaintiff in good faith is usually dispositive, it does not control where it appears to a legal certainty that the plaintiff's claim is actually for the jurisdictional amount or greater. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). "The legal certainty standard is met where the 'legal impossibility of

6

recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Schubert*, 649 F.3d at 822 (alteration in original) (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

Here, Defendant has not met its burden of showing that the amount in controversy exceeds $75,000. Plaintiff expressly stated in the Petition that the amount in controversy is $65,000, and it appears that the amount was claimed in good faith. *See* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."); *Schubert*, 649 F.3d at 822 (stating that "the sum claimed by the plaintiff in good faith is usually dispositive"); *Horton*, 367 U.S. at 353 ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'").

While Defendant points to the settlement demand in Plaintiff's March 24, 2025 email in support of its contention that the amount in controversy exceeds the requisite jurisdictional amount, the "settlement demand alone is not sufficient evidence to establish the existence of the jurisdictional minimum." *Baker v. Fangio Enters., Inc.*, No. 4:18-CV-751 CAS, 2018 WL 2316030, at *2 (E.D. Mo. May 22, 2018) (citing *Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997)); *New v. Hunter's View, Ltd.*, 2007 WL 1040926, at *3 (E.D. Mo. Apr. 4, 2007) ("[A]

7

settlement letter is only one factor to consider in assessing the amount in controversy and . . . courts must consider the context in which such a settlement demand was made." (quoting *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 202 (D. Conn. 2004))). As courts in this district have explained, "assertions made during settlement negotiations may be motivated by unreliable considerations, such as posturing, or a desire for a quick resolution, rather than an accurate appraisal of the merits of the claim." *See e.g.*, *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 WL 2873668, at *4 (E.D. Mo. July 12, 2012) (quoting *Turner v. Wal-Mart Stores East, LP*, No. 4:11 CV 541 CDP (E.D. Mo. May 4, 2011)); *Logan v. Value City Dep't Stores, LLC*, No. 4:08-CV-19 CAS, 2008 WL 1914168 (E.D. Mo. Apr. 29, 2008) ("Courts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." (quoting *Vermande*, 352 F. Supp. 2d at 203)). Further, Massmann's declaration establishes to a legal certainty that the claim is for less than the requisite amount. *See Elliot v. Valvoline (Kentucky), LLC*, No. 4:18-cv-01351-AGF, 2018 WL 4853033, at *2 (finding that plaintiff's "affidavits have served to clarify the original pleading and establish to a legal certainty that the claim is for less than the requisite amount" (citing *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010))); *see also Leflar*, 57 F.4th at 605 (vacating and remanding where the district court

8

failed to consider a post-removal declaration regarding the amount in controversy). Thus, the Court lacks subject matter jurisdiction over this action. *See Usery*, 606 F.3d at 1018 (explaining that if the initial pleading asks for less than the jurisdictional amount, then only the sum demanded is in controversy, and a federal court has no jurisdiction over the action).

Plaintiff requests that this Court award attorney fees pursuant to § 1447(c). Although Defendant has not met its burden to establish federal jurisdiction, the Court cannot say that it lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award such fees only where the removing party lacked an objectively reasonable basis for seeking removal."). Thus, Plaintiff's request for attorney fees will be denied.

### Conclusion

Defendant has not met its burden of establishing federal jurisdiction. As such, the Court must remand this case to state court. *See* 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [ECF No. 4], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of St. Louis County, Missouri.

**IT IS FINALLY ORDERED** that Plaintiff's request for attorney fees is denied.

A separate Order of Remand will accompany this Opinion, Memorandum and Order.

Dated this 2nd day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE